1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RYAN J. DUERST,                          No.  2:14-cv-1774-GEB-AC

12                    Plaintiff,

13           v.                                FINDINGS & RECOMMENDATIONS

14    PLACER COURT, ET AL.,

15                    Defendants.

16

17           Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended

18    complaint ("FAC"), ECF No. 6, after his original pleading was dismissed as vague and

19    conclusory.  See ECF No. 5 (previous screening order).  The federal in forma pauperis statute

20    authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to

21    state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

22    immune from such relief.  28 U.S.C. § 1915(e)(2).

23           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

25    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

27    490 U.S. at 327.  A complaint, or portion thereof, should only be dismissed for failure to state a

28    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

1

of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v.
Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
complaint under this standard, the court must accept as true the allegations of the complaint in
question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        Plaintiff's claims seem to arise out of his divorce proceedings, during which the court
ordered him to pay spousal support to his ex-wife.  ECF No. 6 at 55.  Plaintiff claims that he was
sanctioned approximately $21,500 in a related civil matter for disputing the court's jurisdiction.
Id.  Plaintiff alleges that as a result of these financial burdens he has lost his house, where he
provided in home class services for his disabled child.  Id. at 11, 47, 77.  Based on this series of
events plaintiff, claims that defendants have violated the Americans with Disabilities Act
("ADA") and the Individuals with Disabilities Education Act ("IDEA").  Id.  Plaintiff also claims
that defendants Judge Allen V. Pineschi, Judge Mark S. Curry, Judge Francis Kearney, Judge
Angus Saint-Evens, Judge Thomas E. Warriner, and Commissioner Dirk Amara ("Judicial
Defendants") lacked jurisdiction in his civil and divorce matters.  Id. at 22–24.  Because the
Judicial Defendants lacked jurisdiction in his civil and divorce matters, plaintiff claims that they
do not benefit from judicial immunity.  Id.  Plaintiff also brings 1983 claims against all
defendants based on their lack of jurisdiction and alleged conspiracies and conflicts of interest.[1]
Id. at 32–37, 47–48, 52.  Additionally, plaintiff claims that the Judicial Defendants have
committed fraud upon the court by knowingly adjudicating his cases without jurisdiction.  Id. at
38–41.  Finally, plaintiff claims that defendant Commissioner Amara violated his First
Amendment rights when he sanctioned him for refusing to remove information concerning an

---

[1] Plaintiff brings claims against the non-judicial defendants under the ADA and the IDEA, due process clause and 42 U.S.C. § 1983, and for fraud, based on the allegation that they failed to prevent or enabled the conduct of the Judicial Defendants.  ECF No. 26 at 127–30, 137–38, 148–50, 156–58, 164–67, 173–76.  However, as the court will explain, the Judicial Defendants' conduct is protected by judicial immunity.

1    ongoing civil case from his Facebook page.  Id. at 9, 103–06.

2           When a plaintiff appears pro se in a civil rights case, "the court must construe the

3    pleadings liberally and must afford plaintiff the benefit of any doubt."  Karim-Panahi v. Los

4    Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir.1988).  When interpreting the pleadings

5    liberally, however, the court "may not supply essential elements of the claim that were not

6    initially pled."  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

7    Additionally, a court need not accept as true unreasonable inferences, unwarranted deductions of

8    fact, or conclusory legal allegations cast in the form of factual allegations.  See Adams v.

9    Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).  Before the court can dismiss a pro se civil rights

10   complaint for failure to state a claim, the court must give the plaintiff a "statement of the

11   complaint's deficiencies."  Karim-Panahi, 839 F.2d at 623.  Moreover, a pro se litigant "must be

12   given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the

13   complaint could not be cured by amendment."  Id. at 623 (citation omitted).

14          Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and

15   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic

17   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule 8(d)(1) states "[e]ach

18   allegation must be simple, concise, and direct."  The claim for relief must be "plausible on its

19   face," meaning that the "factual content [ ] allows the court to draw the reasonable inference that

20   the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

21   (citation omitted).  Lengthy complaints can violate Rule 8 if a defendant would have difficulty

22   responding to the complaint.  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d

23   1047, 1059 (9th Cir. 2011).  Furthermore, while a pro se plaintiff should generally be given leave

24   to amend, "federal courts are far less charitable when one or more amended pleadings already

25   have been filed with no measurable increase in clarity."  5 Charles Alan Wright & Arthur R.

26   Miller, Federal Practice and Procedure § 1217 (3d ed. 2004); see also Schmidt v. Herrmann, 614

27   F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal of second amended complaint with

28   prejudice where pleading consisted of "confusing, distracting, ambiguous, and unintelligible"

3

1  allegations in violation of Rule 8).

2       Plaintiff's FAC does not even minimally comply with the standards set forth in Rule 8.

3  Plaintiff's claims are not short and plain statements, nor are they simple, concise or direct.  <u>See</u>

4  <u>Twombly</u>, 550 U.S. at 555.  Plaintiff's FAC is 194 pages long, single-spaced, and often repeats

5  itself.  The allegations are sufficiently confusing that defendants would have difficulty responding

6  to the complaint.

7       Even more fundamentally, plaintiff's claims are barred by judicial immunity.[2]  "Like other

8  forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate

9  assessment of damages."  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991).  Judicial immunity is

10  overcome only when a judges actions are either (1) nonjudicial in nature, i.e., not taken in the

11  judge's judicial capacity, <u>Forrester v. White</u>, 484 U.S. 219, 227–29 (1988); or (2) taken in the

12  complete absence of all jurisdiction, <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57 (1991).  Plaintiff

13  contends that immunity does not apply here because the actions of the Judicial Defendants were

14  taken in the absence of jurisdiction.  ECF No. 26 at 22–23.  Plaintiff seems to be alleging that the

15  Judicial Defendants' willful and malicious violation of the law robbed them of jurisdiction.  <u>Id.</u> at

16  35–37.  However, "[a]llegations of malice or bad faith in the execution of the officer's duties are

17  insufficient to sustain the complaint when the officer possesses absolute judicial immunity."

18  <u>Demoran v. Witt</u>, 781 F.2d 155, 158 (9th Cir. 1985).  Plaintiff also alleges that the Judicial

19  Defendants lacked jurisdiction because they did not meet California's continuing education

20  requirements.  ECF No. 26 at 60.  Plaintiff cites no authority for the proposition that judges must

21  meet California's continuing education requirements to have jurisdiction in a case.  There is no

22  such requirement.  The court finds that the Judicial Defendants are absolutely immune from suit

23  because their conduct involved the adjudication of matters properly before them in the course of

24  their judicial duties.

25       The court granted plaintiff leave to amend with instructions on how to amend his

26

27  [2]  Although plaintiff asserts a number of claims against a number of different defendants, all of his claims lie against judicial officers or those court administrators who he considers to be their supervisors/superiors.  <u>See</u> ECF No. 26 at 1, 137–38, 148–50, 156–58, 164–67, 173–76.  All

28  claims arise directly or indirectly from the immunized conduct of judicial officers.

4

1   complaint in compliance with Rule 8.  Nonetheless, the FAC still fails to allege facts sufficient to

2   state a claim against any defendants.  As plaintiff has had ample opportunity to correct the

3   deficiencies in his complaint, and he continues to make conclusory allegations which the court

4   previously advised plaintiff are insufficient, the court finds that any further attempt to amend

5   would be futile.  Even if plaintiff were able to conform his pleading to the requirements of Rule 8,

6   the claims are barred by judicial immunity.  That defect cannot be cured by amendment.

7          Plaintiff's complaint also requests that this court (1) require Placer County Superior Court

8   to immediately stay his civil and divorce proceedings, and (2) confiscate materials related to his

9   cases.  ECF No. 26 at 190–94.  Plaintiff does not cite, and the court is not aware of, any legal

10  basis for this court's intervention in ongoing state actions related to domestic relations, or for the

11  confiscation of documents under these circumstances.  Quite to the contrary, federal courts

12  generally may not interfere with ongoing state court matters.  <u>Younger v. Harris</u>, 401 U.S. 37

13  (1971) (federal courts should abstain from interference with pending state court proceedings);

14  <u>H.C. ex rel Gordon v. Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000) (applying <u>Younger</u> where

15  plaintiffs sought district court intervention in ongoing state domestic dispute regarding child

16  custody).  The undersigned will therefore recommend that plaintiff's request for preliminary

17  injunctive relief be denied.

18         In accordance with the above, IT IS HEREBY RECOMMENDED that:

19         1.   Plaintiff's request for preliminary injunctive relief  be denied; and

20         2.   Plaintiff's first amended complaint be dismissed without leave to amend.

21         These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

26  objections shall be filed and served within fourteen days after service of the objections.   The

27  parties are advised that failure to file objections within the specified time may waive the right to

28  ////

1    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2    DATED: October 30, 2014

3    _____
     ALLISON CLAIRE
4    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28